■ In the Matter of the Estate of WATSON B. DICKERMAN, Deceased. MANUFACTURERS HANOVER TRUST COMPANY, as Trustee of WATSON B. DICKERMAN, Deceased, et al., Respondents; WILLIAM C. T. GAYNOR et al., as Executors of FLORENCE E. DICKERMAN, Deceased, Appellants.— In a proceeding for the judicial settlement of a trustee's final account, the executors of the estate of the deceased life beneficiary, Florence E. Dickerman, appeal from so much of an intermediate decree of the Surrogate's Court, Westchester County, dated November 4, 1970, as (1) sustained the objections of the respondent-remaindermen to the trustee's allocation, to the income account of the trust, of portions of certain stock distributions of Continental Oil Company, Hartford Fire Insurance Company and the Insurance Company of North America and (2) adjudged that all of said stock distributions are allocable to the principal of the trust. Decree modified, on the law and the facts, by (a) striking from the first decretal paragraph thereof all the verbiage as to 30.45 shares of common ptock of Continental Oil Company and by providing, in lieu thereof, that the objections as to said shares are dismissed; and (b) striking form the second decretal paragraph thereof the figure "400" (shares of the common stock of Continental Oil Company directed in the decree to be allocated to the principal), substituting therefor the figure "369.55", and adding to said paragraph a provision that said 30.45 shares are allocable to income. As so modified, decree affirmed insofar as appealed from, without costs. In our opinion, the Surrogate erred in using market value as a test in computing the extent of impairment of the trust corpus with respect to the 1957 distribution of 400 shares of Continental Oil Company common stock. Since (1) the trust was created under a will probated in 1923, (2) the distribution was a true stock dividend and not a stock split and (3) the instrument was silent on the issue of allocation of stock dividends, the value of the stock for purposes of allocation between principal and income should have been made on the basis of the actual, intrinsic or book value of the shares in question and not their market value (*Matter of Osborne*, 209 N. Y. 450, 485; 18 C. J. S., Corporations, § 471). Therefore, the trustee's determination allocating 30.45 shares of that stock dividend to income and the balance to principal should be reinstated. Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.

■ In the Matter of EATERIES, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding dismissed on the merits and respondent's determination, dated June 29, 1971, confirmed, with costs. No opinion. Martuscello, Acting P. J., Gulotta, Christ and Benjamin, JJ., concur; Shapiro, J., concurs on constraint of *Matter of 43 Bar & Grill* v. *Ring* (37 A D 2d 714, affd. 29 N Y 2d 758).